## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EDWARD W. CARPENTER,
             Appellant,

    v.

DEPARTMENT OF THE NAVY,
             Agency.

DOCKET NUMBER
PH-0752-15-0251-X-1
PH-0752-15-0251-C-1

DATE: January 2, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Edward W. Carpenter</u>, East Lebanon, Maine, pro se.

<u>Scott W. Flood</u>, Esquire, and <u>Jeffrey A. Epstein</u>, Portsmouth, New
    Hampshire, for the agency.

<u>Cindee Carter</u>, Kittery, Maine, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

¶1      This case is before the Board pursuant to a February 14, 2024 Board Order, which reversed the compliance initial decision and found the agency in

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

noncompliance with a settlement agreement. *Carpenter v. Department of the Navy*, MSPB Docket No. PH-0752-15-0251-X-1, Compliance Referral File (CRF), Order (Order) (Feb. 14, 2024); *Carpenter v. Department of the Navy*, MSPB Docket No. PH-0752-15-0251-C-1, Compliance Initial Decision (CID) (Apr. 16, 2019). For the reasons discussed below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2      In August 2015, the parties entered into a settlement agreement resolving the appellant's removal appeal. *See* Order at 2. The administrative judge accordingly dismissed the appeal as settled and entered the agreement into the record for enforcement. *See id.*

¶3      On December 13, 2018, the appellant timely filed a petition for enforcement, asserting that the Department of the Navy (Navy) had violated the settlement agreement because the Defense Finance and Accounting Services (DFAS) was contending that the appellant had been overpaid for prepaid Federal Health Employee Benefits premiums, and owed a debt of $1,712.99. *Id.* at 3. The administrative judge denied the appellant's petition for enforcement, holding that the appellant received back pay under the Back Pay Act during the time periods at issue, and had not shown that he elected to forego health insurance coverage during that time period, or that the agency had already deducted the premiums owed from the back pay amount. *Id.* at 3-4.

¶4      The appellant timely filed a petition for review of the CID. On February 14, 2024, the Board found, based on new evidence submitted by the appellant, that the appellant had elected not to have his health insurance reinstated during the back pay period. *Id.* at 5-6. Accordingly, the Board held that the Navy was not in compliance with the settlement agreement and docketed the instant compliance referral matter to adjudicate the remaining compliance issue. *Id.* at 7-8. The Board ordered the Navy to submit satisfactory evidence of compliance to the Clerk of the

Board within 60 days of the date of the Order. *Id.* at 8. The Board also stated that the appellant could respond to the Navy's evidence of compliance within 20 days of the date of service of the agency's submissions, and that if he did not respond, the Board "may assume that he is satisfied with the agency's actions and dismiss the petition for enforcement. *Id.* at 9.

¶5 After two requests for extension of time, the Navy filed a response to the Board's February 14, 2024 Order on August 12, 2024. CRF, Tab 7. The agency submitted a narrative statement asserting that DFAS had cancelled the $1,712.99 debt that the appellant paid to the agency, and processed a check, to be issued to the appellant 10 days from the date of the Navy's response, in the amount of $2,289.88. *Id.* at 1-2. This amount included collection fees paid by the appellant to DFAS. *Id.* at 5. The Navy attached to its submission an "Out of Service Cancellation Request," and an "Out of Service Debt Refund Request" cancelling the appellant's debt. *Id.* at 7-9.

¶6 On August 22, 2024, the Navy filed a "Notice of Full Compliance," stating that it had issued full payment to the appellant, attaching a "Public Voucher for Refunds" showing that a debt for the appellant in the amount of $2,289.88 had been cancelled. CRF, Tab 8 at 4, 6.

¶7 The appellant has not responded to the Navy's submissions.

## ANALYSIS

¶8 A settlement agreement is a contract and, as such, will be enforced in accordance with contract law. *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 8 (2014). The Board will enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision or order. *Id.* In a proceeding to enforce a settlement agreement, the party alleging noncompliance with the agreement has the burden of proof. *Modrowski v. Department of Veterans Affairs*, 97 M.S.P.R. 224, ¶ 7 (2004). However, when an appellant makes specific allegations of noncompliance, as appellant did here, it is

the agency's burden to produce relevant evidence within its control showing compliance with its agreement or showing good cause for its failure to comply. *Id.*

¶9 Here, the Navy has submitted evidence that the challenged debt was cancelled, and payment issued to the appellant, along with additional costs. CRF, Tabs 7, 8. The appellant did not respond to the Navy's submissions, despite being apprised that the Board might construe lack of response as satisfaction with the Navy's response. Accordingly, in light of the appellant's failure to respond, we find that the Navy is now in full compliance with the settlement agreement and the Board's February 14, 2024 Order, and dismiss the petition for enforcement.[2] This is the final decision of the Merit Systems Protection Board in these compliance proceedings. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

---

[2] Because we find the Navy in compliance with the settlement agreement, the Navy's motion to dismiss the appeal is moot.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.
This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9) (A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.